UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARIUS VITKUS,

      Petitioner,

v.                                    Case No: 2:13-cv-116-FtM-29CM

ERIC    HOLDER,    Attorney
General,  JANET  NAPOLITANO,
Secretary of the Department
Homeland   Security,   MARK
MOORE,  Director  of   the
Southern   District   Field
Office,  ANTHONY   AIELLO,
Asst. Field Office Director,
and  STUART  K.   WHIDDON,
Glades   County   Detention
Field Office and Warden of
Immigration       Detention
Facility,

      Respondents.[1]

_____/

**ORDER OF DISMISSAL**

Petitioner Darius Vitkus ("Petitioner"), a native and citizen

of Lithuania, filed this petition for a writ of habeas corpus

brought pursuant to 28 U.S.C. § 2241 (Doc. #1) on February 18,

---

[1]A writ of habeas corpus must be "directed to the person
having custody of the person detained."  28 U.S.C. § 2243.  In
cases involving present physical confinement, the Supreme Court
reaffirmed in Rumsfeld v. Padilla, 542 U.S. 426 (2004) that "the
immediate custodian, not a supervisory official who exercises
legal control, is the proper respondent."  Padilla, 542 U.S. at
439.  As Petitioner was detained at the Glades County Detention
Center in Moore Haven, Florida, Petitioner's immediate custodian
and proper respondent was Sheriff Stuart K. Whiddon.  All other
respondents are dismissed from this action.

2013.   At the time Petitioner filed his petition, he had been detained by Immigration and Customs Enforcement ("ICE") at the Glades County Detention Center in Moore Haven, Florida since June 21, 2012.  (Id. at 3.)

On December 22, 2014, Respondents filed a motion to dismiss the Petition for mootness.  (Doc. #25.)  Along with the motion to dismiss, Respondents filed an Order of Supervision showing that Petitioner is no longer in the custody of ICE.  (Doc. #25-1.)  Despite being directed to do so, Petitioner has not filed a response to Respondents' motion,[2] and the time for doing so has expired.  Accordingly, the motion is now ripe for review.

For the reasons set forth below, the Court concludes that this action must be dismissed as moot.

**I.**

Petitioner is a native and citizen of Lithuania.  (Doc. #1, p. 3.)  He lawfully entered the United States on December 28, 2010, pursuant to the Visa Waiver Program (VWP).  Petitioner remained in the United States beyond the three months permitted under the VWP. On June 21, 2012, the Petitioner was transferred to ICE custody. On June 22, 2013, the Field Office Director for the Miami District issued an order of removal pursuant to 8 U.S.C. § 1187.  Petitioner

---

[2]Mail sent to Petitioner was returned as undeliverable on June 18, 2015.  See docket.  Petitioner has not provided the Court with an updated address.

requested asylum. On June 30, 2012, Petitioner was notified his case would be referred to the Immigration Court to afford him an opportunity to file for asylum. Petitioner withdrew the asylum application on April 11, 2013. The Immigration Judge returned the case to DHS to process Petitioner for removal. The Petitioner's appeal was due on or before May 15, 2013.

Petitioner filed this habeas petition on February 22, 2013, challenging his detention under 8 U.S.C. §§ 1226(a) and (c) and seeking release from ICE custody. In Response, Respondent argued that Petitioner's detention was lawful pursuant to 8 U.S.C. §§ 1187. (Doc. #14.) Petitioner filed a reply (Doc. #15.)

Respondent filed a motion to dismiss, asserting that the petition is now moot due to Petitioner's release (Doc. #25.) Respondent attaches, as an exhibit to the motion, Petitioner's detention history showing that removal proceedings were terminated and Petitioner was released from custody on December 19, 2014. (Doc. #25-1 at 1.)

**II.**

Petitioner asks this Court to release him pending removal proceedings notwithstanding the mandatory detention provisions of 8 U.S.C. § 1226(c) (Doc. #1). However, Petitioner has been released from custody (Doc. #25-1). Therefore, this Court cannot provide him with any meaningful relief.

3

The Eleventh Circuit has held that "[a] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  Al Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (citing Powell v. McCormack, 395 U.S. 486, 496 (1969)).  "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  Id. at 1336.  Where a habeas petitioner protesting his detention is no longer in custody, the dispute with regard to his detention is mooted.  See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of habeas statute 28 U.S.C. § 2254).  The narrow exception to the mootness doctrine applies only when the action being challenged is capable of being repeated and evading review. Al Najjar, 273 F.3d at 1336.  The exception may be invoked only when: "(1) there [is] a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Al Najjar, 273 F.3d at 1336 (quoting Sierra Club v. Martin, 110 F.3d 1551, 1554 (11th Cir. 1997)).

Under these standards, to the extent Petitioner seeks release from ICE custody, his petition is moot because Petitioner has achieved the result sought in his habeas petition.  An alien's

release from extended detention by ICE, even under an order of supervision, generally renders moot a § 2241 petition challenging the legality of his prior detention.  The complete termination of proceedings against Petitioner should have the same effect.  See, e.g., Hernandez-Gonzalez v. Holder, Case No. 2:13-cv-190-FtM-29DNF, 2013 WL 1729005, at *1-2 (M.D. Fla. Apr. 22, 2013) ("As it is undisputed that Petitioner has been released, he cannot establish a reasonable expectation that he will be subjected to the same continued detention in the future."); Nunes v. Decker, 480 F. App'x 173, 175 (3d Cir. 2012) (release of alien under order of supervision who challenged only his extended detention mooted § 2241 habeas petition because the alien "achieved the result he sought in his habeas petition"); Riley v. I.N.S., 310 F.3d 1253 (10th Cir. 2002) (release from detention under an order of supervision moots a petitioner's challenge to the legality of his extended detention).

Petitioner was released from custody on December 19, 2014, after the proceedings against him were terminated.  (Doc. #25-1.) There is no reason for the Court to assume that Petitioner will once again be taken into custody by ICE.  See Nunes, 480 F. App'x at 175; see also Ijaoba v. Holder, Case No. 4:12-cv-3792-JHH-RRA, 2013 WL 1490927, * 1 (N.D. Ala. Mar. 4, 2013) ("Since the petitioner has been released pending his deportation to Nigeria, the circumstances of this case happening again are too speculative

to create an actual controversy sufficient to support a claim for relief.").  Even should review of this matter somehow become necessary in the future, there is no reason to believe that there will be either inadequate time or an inadequate forum in which to litigate the issue.  The narrow exception to the mootness doctrine does not apply, and Petitioner's claim that he is being unconstitutionally held is dismissed as moot.

Petitioner's request for attorney fees and costs also cannot save his habeas petition from mootness because the "interest in attorney fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim[.]"  Lewis v. Cont'l Bank Corp., 494 U.S. 472, 480 (1990) (citing Diamond v. Charles, 476 U.S. 54, 70-71 (1986)).

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Respondents Eric Holder, Janet Napolitano, Marc J. Moore, and Anthony Aiello are **DISMISSED** from this action as improper respondents.

2.   Respondent's motion to dismiss (Doc. #25) is **GRANTED**. Petitioner's claim that he is being unconstitutionally detained is dismissed as moot.

3.   Petitioner's petition for writ of habeas corpus (Doc. #1) is **DISMISSED** without prejudice to his right to file a new § 2241 petition if a change in his circumstances occurs.

4.     The **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this ___1st___ day of July, 2015.

 

 

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

 

 

SA: ftmp-2
Copies: All Parties of Record